UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LAUREN FISCHER,

                      Plaintiff,                            **VERIFIED COMPLAINT**

    -against-

                                                      **No.:**

THE UNITED STATES OF AMERICA,

                      Defendant.
-----------------------------------------------------------------------X

Plaintiff, by and through her attorneys, Bonina & Bonina, P.C., complaining of the

defendant herein as and for a Verified Complaint in the above entitled action, respectfully show

to this Court, and allege upon information and belief, as follows:

**FIRST:**

Plaintiff demands a trial by jury.

**SECOND:**

That this case falls within one or more exceptions of CPLR §1602.

**THIRD:**

That at all times mentioned herein, the plaintiff, LAUREN FISCHER is, was and has

been a resident of the County of Orange and State of New York.

**FOURTH:**

At all times mentioned herein, the defendant, THE UNITED STATES OF AMERICA

"USA", through the United States Public Health Services and United States Department of

Health & Human Services employed DANIEL PAGNANI, M.D. pursuant to the Public Health

Services Act, 42 USC ¶ 233, as amended by the federally supported Health Centers Assistance

Act of 1995, for purposes of coverage by the Federal Tort Claims Act.

**FIFTH:**

{00121625}

At all times mentioned herein, defendant "USA", owned, operated, supervised, maintained, funded and/or controlled certain premises, namely, THE GREATER HUDSON VALLEY FAMILY HEALTH CENTER, INC. within the County of Orange, City of Newburgh and State of New York, for the care of sick and ailing persons and for other individuals requiring medical care and attention, including the plaintiff herein.

**SIXTH:**

At all times mentioned herein, defendant "USA" for consideration offered to render competent and adequate medical services, nursing services, emergency services, ambulance services, patient transportation services, operating services, recovery room services, radiology services, laboratory services, pharmacy services, diagnostic and treatment services, surgical services, anesthesia services in general, all necessary services to give proper, adequate and competent medical care and attention to members of the general public, or more particularly, to the plaintiff herein and further held itself out to such individuals as having the necessary personnel, equipment, supplies or facilities to perform the same.

**SEVENTH:**

At all times mentioned herein, DANIEL PAGNANI, M.D. hereinafter referred to as "PAGNANI", is was, and has been a Federal employee and maintained offices for the practice of medicine and/or did engage in the practice of medicine within the County of Orange, City of Newburgh and State of New York.

**EIGHTH:**

At all times mentioned herein, PAGNANI, held himself out to the general public, and more particularly to the plaintiff herein, as a duly qualified and/or licensed physician and/or surgeon capable of practicing medicine and/or surgery within the State of New York.

**NINTH:**

At all times mentioned herein, PAGNANI, for a consideration, offered to render proper, adequate and competent medical services, surgical services, including pre and post-surgical services, examination services, diagnostic services, prescription services, radiology services, laboratory services, treatment services and in general all necessary services to give proper, adequate and competent medical care and attention to members of the general public, and more particularly the plaintiff herein, and further held himself out to such individuals as having the necessary and requisite skill, expertise, training, education, and/or support personnel, equipment, supplies, diagnostic, laboratory, radiological and/or hospital facilities to perform the same up to the standards for such care prevailing within the local, state and national community.

**TENTH:**

That at all times mentioned herein, GREATER HUDSON VALLEY FAMILY HEALTH CENTER, INC., hereinafter "HUDSON VALLEY", was and still is a corporation, duly existing pursuant to the laws of the State of New York, and doing business within the County of Orange, City of Newburgh and State of New York.

**ELEVENTH:**

That at all times mentioned herein, "HUDSON VALLEY" owned, operated, supervised, maintained and/or controlled certain premises within the County of Orange, City of Newburgh and State of New York, for the care of sick and ailing persons, and for other individuals requiring medical care and attention including the plaintiff herein.

**TWELFTH:**

That at all times mentioned herein, "HUDSON VALLEY", for a consideration, offered to render competent and adequate medical services, midwifery services, nursing services,

emergency room services, ambulance services, patient transportation services, operating room services, recovery room services, radiology services, laboratory services, diagnostic and treatment services, surgical services including pre-operative and post-operative services, anesthesia services, and in general all necessary services to give proper, adequate and competent medical care to members of the general public, and more particularly the plaintiff herein, and further held itself out to such individuals as having the necessary personnel, equipment, supplies and facilities to perform the same.

**THIRTEENTH:**

On October 5, 2016, plaintiff filed her administrative claim. To date, plaintiff has not received a Notice of Final Determination, however, more than six months has passed since the filing of the SF-95 claim.

**FOURTEENTH:**

Jurisdiction is proper in this Court pursuant to the Federal Tort Claims Act, 28 USC §2675(a), 28 USC §1346(b), 28 USC §2671-80 and USC §2679(d)(1) because the plaintiff received medical treatment from Dr. Pagnani and Hudson Valley both of which were/are employees of the "USA". Jurisdiction is also proper as plaintiff filed an Administrative Claim and six months from the date of said filing has passed.

## VENUE

**FIFTEENTH:**

Venue is proper in this Court pursuant to 25 USC §2401(b), 28 USC §1346(b), and 28 USC §2671-2680.

**AS AND FOR A FIRST CAUSE OF ACTION TO RECOVER
MONETARY DAMAGES FROM DEFENDANT UNDER THE
THEORY OF DEPARTURES FROM ACCEPTED MEDICAL
PRACTICE ON BEHALF OF THE PLAINTIFF LAUREN FISCHER**

**SIXTEENTH:**

The plaintiff, repeats and reiterates and realleges each and every allegation set forth in

paragraphs "FIRST" through "FIFTEENTH" of this Verified Complaint, with the same force and

effect as though said allegations were herein fully set forth at length.

**SEVENTEENTH:**

That in reliance upon the foregoing, the plaintiff, LAUREN FISCHER, during a

continuous course of treatment beginning on or about August 12, 2013 and ending on or about

April 8, 2014, came under and/or submitted to the care and attention of the defendant.

**EIGHTEENTH:**

That at all times mentioned herein, the plaintiff related a history, various complaints,

signs, symptoms, pains, sensations and other physical and/or mental occurrences to the defendant

and/or its agents, servants, associates, partners and/or employees.

**NINETEENTH:**

That at all times mentioned herein, the plaintiff submitted to various tests, examinations,

procedures, treatments and techniques, both oral and physical, performed by or at the special

instance and request of the defendant, its agents, servants, associates, employees and/or partners.

**TWENTIETH:**

That at all times mentioned herein, the defendant, its agents, servants, associates, partners

and/or employees, were aware of or should have been aware of the results, import, findings

and/or consequences of the tests, examinations, procedure, treatments and/or techniques

performed on the plaintiff, by the said defendant, its agents, servants, employees, associates, and/or partners.

**TWENTY-FIRST:**

That in view of the foregoing, the course of treatment, advice, diagnosis, medical care and attention, prescriptions, tests, examinations, studies, surgery, pre and post-surgical care, procedures and/or techniques given to and/or performed on the plaintiff by the defendant, its agents, servants, associates, partners and/or employees was not in accord with the accepted standards of the proper practice of medicine, which are generally recognized within the local state or national community.

**TWENTY-SECOND:**

That the defendant, individually, and/or jointly and/or concurrently, with its agents, servants, associates, partners and/or employees, by acts of commission and/or omission were negligent, careless and reckless and departed from accepted practices in that they:

a)    Failed and/or omitted to properly and completely reduce the uterine inversion;

b)    Failed and/or omitted to properly and timely perform a complete uterine inversion;

c)    Failed and/or omitted to obtain a complete reduction of the uterine inversion;

d)    Failed and/or omitted to recognize and understand that a partial inversion was inadequate in treating the plaintiff's condition;

e)    Failed and/or omitted to recommend, order and/or administer the proper medication to relax the plaintiff's uterus so a complete reduction of the uterine inversion could be obtained;

f)   Failed and/or omitted to understand that administering medications to contract the uterus was contraindicated;

g)   Improperly administered medication to contract plaintiff's uterus which actually required medication to relax the uterus;

h)   Failed and/or omitted to immediately bring the plaintiff into the operating room when they knew and/or should have known that a complete reduction was not obtained;

i)   Failed and/or omitted to immediately bring the plaintiff into the operating room when they knew and/or should have known that she continued to bleed;

j)   Failed and/or omitted to timely operate on the plaintiff;

k)   Failed and/or omitted to stop the bleeding and/or reduce the inversion before a hysterectomy had to be performed;

l)   Failed and/or omitted to recognize and/or understand that plaintiff required immediate surgery to obtain an uterine reduction;

m)   Improperly placed excessive traction when delivering the placenta and thereby caused the uterine inversion;

n)   Failed and/or omitted to properly permit and manage separation of the placenta during delivery;

o)   Failed and/or omitted to recognize that the placenta was not detached before delivering it;

p)   Failed and/or omitted to properly manually detach the placenta and push the uterus back into position;

q)      Failed and/or omitted to flushing the vagina with saline solution so that the water pressure inflated the uterus back into position (hydrostatic correction);

r)      Failed and omitted to perform immediate surgery on the plaintiff when it became obvious that a complete reduction was not achieved;

s)      Failed and/or omitted to recognize the severity of plaintiff's condition;

t)      Improperly monitored the plaintiff for several hours rather than recognize she required immediate surgery;

u)      Caused and/or permitted the plaintiff to bleed heavily and require transfusions;

v)      Caused and/or permitted the plaintiff to continue to bleed heavily when she required surgery;

w)      Improperly delayed plaintiff's surgery;

x)      Improperly treated plaintiff with multiple blood transfusions and allowed her to continue bleeding heavily when it was obvious that she required immediate surgery;

y)      Improperly administered Pitocin when plaintiff's membranes were still intact;

z)      Failed and omitted to recognize that plaintiff's membranes were still intact prior to administering Pitocin;

aa)     Failed and omitted to understand that the plaintiff's membranes were still intact when she presented to the hospital for delivery;

bb)     Failed and omitted to understand that plaintiff's membranes were still intact when the internal fetal monitor was placed;

cc)     Failed and omitted to use their best judgment and reasonable care in their medical care, attention, services, treatment, diagnosis and other medical services rendered on behalf of the plaintiff;

dd)     Failed and omitted to perform proper and timely tests, examinations, procedures, studies, surgery, pre and post-surgical care, and in general in giving medical care, attention, treatment and/or care to the plaintiff;

ee)     Failed and omitted to understand the clinical analysis, laboratory analysis, history, physical examination, complaints, pains, signs, and/or symptoms so that a proper diagnosis could be made and/or a proper course of treatment given; and

ff)     Failed and omitted to conform to the accepted standards of care and skill in giving advice, treatment, prescriptions, examinations, information, services, surgery, pre and post-surgical care, attention, studies, laboratory and/or radiological examinations and/or facts to the plaintiff herein.

**TWENTY-THIRD:**

That solely as a result of the negligence and/or medical malpractice of the defendant, and/or its agents, servants, associates, partners and/or employees, and without any negligence or culpable conduct on the part of the plaintiff contributing thereto, the plaintiff was caused to sustain the injuries which are hereinafter referred to.

**TWENTY-FOURTH:**

That as a result of the negligence and/or medical malpractice, as aforesaid, the plaintiff became, still is and for a long time to come will be sick, sore, lame, bruised, injured and wounded in and about the various parts of her head, brain, internal organs, body and limbs, both internally and externally including various organs, functions of her body and including

surrounding muscles, tissues, arteries, veins, blood vessels, cells and other parts of plaintiff's body and also sustained psychic injuries and/or mental anguish and agony and was otherwise injured and upon information and belief said injuries are permanent; that by reason of the foregoing the plaintiff was obliged to and did necessarily employ medical aid, medicinals, hospital aid and other treatment in an attempt to cure herself of said injuries and has been prevented from performing her duties and will be so prevented for a long time to come.

**TWENTY-FIFTH:**

That by reason of the foregoing departures from accepted medical practice the plaintiff has been damaged by the defendant herein and seeks a monetary award and damages which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction over the defendant herein.

***WHEREFORE***, the plaintiff LAUREN FISCHER, demands a monetary judgment in the form of damages against the defendant herein on the First Cause of Action, in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of this action; together with the costs and disbursements of this action.

***WHEREFORE***, plaintiff demands a trial by jury on all issues.


Dated: Brooklyn, New York
       August 29, 2017

"I have read the foregoing and I certify that, upon information and belief, the source of which is the review of a file maintained by my office, that the foregoing Summons, Verified Complaint and Certificate of Merit is not frivolous as defined in subsection (c) of Section 130-1.1 of the

Rules of the Chief Administrator."

Amy L. Insler, Esq.
Bonina & Bonina, P.C.
Attorneys for Plaintiff
Lauren Fischer
16 Court Street – Suite 1800
Brooklyn, New York 11241
Phone No.: (718) 522-1786

**CERTIFICATE OF MERIT
PURSUANT TO CPLR § 3012(a)(1)**

I am an attorney duly licensed to practice before the Courts of the State of New York. I have reviewed the facts of this case and have consulted a physician licensed to practice medicine who is knowledgeable in the relevant issues involved in this action. On the basis of such review and consultation, it is my belief that there is a reasonable basis for the commencement of this action.

_____
Amy L. Insler, Esq.

{00121625}                                                    12

STATE OF NEW YORK, COUNTY OF KINGS          ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐

Attorney's
Certification

certify that the annexed

has been compared by me with the original and found to be a true and complete copy thereof.

☒

Attorney's
Verification By
Affirmation

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff.

I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** know the know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based on the following.  By a review of a file maintained in my office.

The reason I make this affirmation instead of Plaintiff(s) is Plaintiff(s) reside(s) in a County other than the one in which I maintain my office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: **August 29, 2017**

_____
Amy L. Insler, Esq.

STATE OF NEW YORK, COUNTY OF KINGS          ss:

☐

Individual
Verification

, being sworn says: I am the plaintiff in the action herein; I have read the annexed          know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

☐

Corporate
Verification

the                                                    of

a corporation, one of the parties to the action; I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based on the following:

Sworn to before me on

-------------------------------------------------------------          -------------------------------------------------------------
(Print signer's name below signature)                              (Print signer's name below signature)

STATE OF NEW YORK, COUNTY OF KINGS          ss:

, being sworn says: I am not a party to the action, am over the age of 18 years of age and reside in

On                                    , I served a true copy of the annexed                          in the following manner:

☐

Service By
Mail

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐

Service By
E-filing

by E-filing the same with the Supreme Court – Orange County to the addressee(s) as indicated below:

☐

Service By
Electronic
Means

by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose.  In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as I indicated below:

☐

Service By
Overnight
Delivery

by depositing the same with an overnight delivery service in a wrapper properly addressed.  Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery.  The address and delivery service are indicated below:

Sworn to before me on

_____          _____
(Print signer's name below signature)                              (Print signer's name below signature)

{00124011}

**No.:**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAUREN FISCHER,

        Plaintiff,

   -against-

THE UNITED STATES OF AMERICA,

        Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**BONINA & BONINA, P.C**.
Attorneys for *Plaintiff(s)*
16 Court Street, Suite 1800
Brooklyn, New York 11241
Tele. No.:  (718) 522-1786
Fax No.:  (718) 243-0414

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

*Dated:*  **August 29, 2017**

Signature: _____
Print Signer's Name:  **Amy L. Insler, Esq.**

*Service of a copy of the within*
*Dated:*

*is hereby admitted.*

_____
*Attorney(s) for*

**PLEASE TAKE NOTICE**

☐    *that the within is a (certified) true copy of a*
      *entered in the office of the clerk of the within named Court on*
Notice of
Entry

☐    *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
      *one of the judges of the within named Court,*
Notice of    *at*              *on*              *20*  *, at*       *M.*
Settlement

Dated:                                    **BONINA & BONINA, P.C.**
                                   Attorneys for Plaintiff(s)
                                   16 COURT STREET
                                   BROOKLYN, N.Y. 11241

To:
*Attorney(s) for*

{00124011}